**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **ROBERT C. TUTT,** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:05-CV-0573-Y |
| | § | |
| **DOUGLAS DRETKE, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The findings, conclusions, and recommendation of the United States Magistrate Judge are as follows:

**I. FINDINGS AND CONCLUSIONS**

A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

B. PARTIES

Petitioner Robert C. Tutt, TDCJ # 921756, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Rosharon, Texas.

Respondent Douglas Dretke is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

C. FACTUAL AND PROCEDURAL HISTORY

In February 1998, Tutt was charged by indictment with one court of aggravated assault with

a deadly weapon and one count of deadly conduct in the 396th District Court of Tarrant County, Texas. (State Habeas R. at 70.) The indictment also included an enhancement notice, alleging a prior felony conviction for aggravated assault with a deadly weapon. (*Id.*) In April 2000, a jury found Tutt guilty on both counts, and the trial court assessed his punishment at twenty years' confinement on each count, the sentences to run concurrently. (*Id.* at 71.) On July 6, 2001, the Second District Court of Appeals of Texas affirmed the trial court's judgment. *Tutt v. Texas*, No. 02-00-164-CR, slip op. (Tex. App.–Fort Worth July 6, 2001) (not designated for publication). Thereafter, on November 14, 2001, the Texas Court of Criminal Appeals refused Tutt's petition for discretionary review. *Tutt v. Texas*, PDR No. 1719-01. Tutt did not seek writ of certiorari. (Federal Petition at 3.) On September 17, 2004, Tutt filed an application for writ of habeas corpus in state court, raising the issues presented herein, which was denied without written order on the findings of the trial court by the Texas Court of Criminal Appeals on April 27, 2005. *Ex parte Tutt*, Application No. 60,563-01, at cover. Tutt filed this federal petition for writ of habeas corpus on August 30, 2005. Dretke has filed a preliminary response and documentary exhibits addressing only the issue of limitations, to which Tutt has replied.

D.  ISSUES

In four grounds, Tutt claims (1) his prior conviction was unavailable for enhancement, (2) he received ineffective assistance of trial counsel Tom Cave, who is now deceased, and (3) the state failed to disclose exculpatory evidence. (Federal Petition at 7-8.)

E.  STATUTE OF LIMITATIONS

Title 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Section 2244(d) provides:

>    (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
>    (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

Because Tutt is attacking his 2000 conviction on substantive grounds, subsection (A) governs when the limitations period in this case began to run, *viz.,* the date on which the judgment of conviction became final by the expiration of the time for seeking direct review.  For purposes of this provision, Tutt's conviction became final and the one-year limitations period began to run upon expiration of the time that Tutt had for seeking certiorari in the United States Supreme Court on February 12, 2002, and closed on February 12, 2003.  Tutt's state habeas application, filed after expiration of the federal limitations period, did not operate to toll the running of the federal period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000); *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th

Cir. 1998). Tutt's federal petition was due on or before February 12, 2002, absent any applicable tolling.

Tutt contends his petition is not time-barred because he discovered the affidavit of Christopher Duane Johnson on June 14, 2004, which supports his theory that he acted in self-defense, and obtained the affidavit of his father Willie Tutt on September 10, 2004, which supports his ineffective assistance claims. (Petition at 1A.) Thus, he argues, under § 2244(d)(1)(D), the limitations period did not begin until June 14, 2004, when the factual predicate of his claims was discovered with due diligence. (*Id.*) Tutt further contends that his actual innocence of the prior conviction is a valid defense to the time bar. (Pet'r Traverse at 2-3.) In the alternative, he contends he is entitled to equitable tolling because errors of constitutional magnitude justify application of the doctrine and because he was actively misled by counsel Danny Burns, retained in December 2001 to pursue postconviction habeas relief on Tutt's behalf, that he would timely pursue such relief. (*Id.* at 4.)

Tutt's arguments fail for various reasons. Tutt could have discovered his so-called newly discovered evidence before or during trial with due diligence. Clearly, he, himself, was aware or should have been aware of his trial counsel's alleged deficiencies at that time. (State Habeas R. at 27.) His alleged actual innocence of the enhancement allegation does not justify equitable tolling nor has he presented evidence to establish neglect or deficient performance on the part of habeas counsel in pursuing postconviction relief on his behalf. *See Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002), *cert. denied*, 539 U.S. 918 (2003). Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue, unsupported and unsubstantiated by anything else contained in the record, to be of probative evidentiary value. *See Ross v. Estelle*,

4

694 F.2d 1008, 1011-12 & n.2 (5th Cir. 1983).  Thus, Tutt is not entitled to equitable tolling, which is available only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner.  *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).

Tutt has asserted no valid justification for his failure to timely file his federal habeas corpus petition, and the record reveals none.  His petition, filed on August 30, 2005, was filed beyond the limitations period and is untimely.

## II.  RECOMMENDATION

Tutt's petition for writ of habeas corpus should be dismissed with prejudice as time-barred.

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document.  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until November 30, 2005.  The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made.  *See* 28 U.S.C. § 636(B)(1).  Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the

United States District Judge.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

### IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until November 30, 2005, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED November 9, 2005.

/s/ Charles Bleil
_____
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE