```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF TEXAS
                     FORT WORTH DIVISION
```

```
ROBERT C. TUTT,                    §
     Petitioner,                   §
                                   §
VS.                                §   CIVIL ACTION NO.4:05-CV-573-Y
                                   §
DOUGLAS DRETKE, Director,          §
T.D.C.J., Correctional             §
Institutions Division,             §
     Respondent.                   §
```

ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND CONCLUSIONS

In this action brought by petitioner Robert C. Tutt under 28 U.S.C. § 2254, the Court has made an independent review of the following matters in the above-styled and numbered cause:

1. The pleadings and record;

2. The proposed findings, conclusions, and recommendation of the United States magistrate judge filed on November 9, 2005; and

3. The petitioner's written objections to the proposed findings, conclusions, and recommendation of the United States magistrate judge filed on November 23, 2005.

The Court, after de novo review, finds and determines that the Petitioner's objections must be overruled, and that the petition for writ of habeas corpus should be dismissed with prejudice as time-barred pursuant to 28 U.S.C. § 2244(d)(1)-(2), for the reasons stated in the magistrate judge's findings and conclusions, and as set forth herein.

In his written objections to the magistrate judge's report and recommendation that this petition be deemed time-barred, Tutt again contends that he is entitled to equitable tolling of the limitations period because Danny Burns, Tutt's attorney, failed to timely seek habeas corpus relief on his behalf. The one-year limitation

period for filing a petition under § 2254 is subject to equitable tolling.[1] The burden is on the petitioner--here, Tutt--to show rare, exceptional and/or extraordinary circumstances beyond his control that made it impossible for him to timely file a § 2254 petition.[2] The Fifth Circuit has held that "'equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'"[3]

Tutt contends that Burns "actively misled him into thinking that he would timely file the federal petition" and that he depended on Burns to "get his case into state and federal court." (Objections at 2-3.) Although an attorney's intentional deceit could warrant equitable tolling if the party shows reliance on a deceptive misrepresentation, mere attorney negligence does not warrant equitable relief.[4] The Fifth Circuit has expressly noted: "[I]f there were ever any doubt that an attorney's error or neglect does not warrant equitable tolling, our recent decision in *Cousin*

---

[1] *See Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998), *cert. den'd,* 526 U.S. 1074 (1999); *see also Felder v. Johnson,* 204 F.3d 168, 171-72 (5th Cir. 2000), *cert. den'd,* 531 U.S. 1035 (2000); *Fisher v. Johnson,* 174 F.3d 710, 713 (5th Cir. 1999), *cert. den'd,* 531 U.S. 1164 (2001).

[2] *See United States v. Patterson,* 211 F.3d 927, 930 (5th Cir. 2000) (statute can be tolled in "rare and exceptional" circumstances); *see also Davis,* 158 F.3d at 811 (same).

[3] *Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir. 1999),*cert. den'd,* 529 U.S. 1057 (2000)(quoting *Rashidi v. American President Lines,* 96 F.3d 124, 128 (5th Cir. 1996)).

[4] *See generally United States v. Riggs,* 314 F.3d 796, 799 (5th Cir. 2002)(noting that since a prisoner has not right to counsel during post-conviction proceedings, ineffective assistance of counsel is irrelevant to the tolling decision), *cert den'd,* 529 U.S. 952 (2003).

*v. Lensing,*[5] erased it: "`[M]ere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified.'"[6] Although Tutt contends he was misled, he has not alleged that he relied on a particular deceptive misrepresentation. Rather, Tutt alleges he relied upon general statements by counsel of intent to file, but that counsel did not do so timely, which is essentially a claim of attorney error or neglect.

Furthermore, in order to invoke equitable relief, a petitioner must show that he pursued collateral relief with diligence.[7] Tutt has alleged that he sent counsel a letter dated August 31, 2002, inquiring of counsel's plans regarding his writ of habeas corpus, in which he raised the "AEDPA time limitation." (Objections - Exhibit 1.) Counsel did not file the state writ application until over two years later and did not file the instant action until over three years later. Since Tutt himself was aware of the limitations period over three years before the filing of this case, his failure to either file pro se, or to more actively question his counsel during the intervening years reflects a lack of diligence necessary to warrant equitable tolling. Tutt's objection based upon equitable tolling is overruled.

---

[5]310 F.3d 843 (5th Cir. 2002),*reh'g en banc den'd,* 57 Fed Appx. 213 (5th Cir.)*, cert. den'd,* 539 U.S. 918 (2003).

[6]*Id.*

[7]*See Alexander v. Cockrell,* 294 F.3d 626, 629 (5th Cir. 2002)("[equitable tolling] will not be applied where the applicant failed to diligently pursue habeas corpus relief under § 2254 . . ."), *citing Patterson,* 211 F.3d at 930.

Therefore, the findings, conclusions, and recommendation of the magistrate judge are ADOPTED.

Robert C. Tutt's Petition for Writ of Habeas Corpus is hereby DISMISSED WITH PREJUDICE.

SIGNED December 6, 2005.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

4